IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEON ANTONIO JOHNSON, JR.,**

      **Petitioner,**

v.                                                              Civil Action No. 1:19cv191
                                                                  (Judge Kleeh)

**WARDEN CHRIS GOMEZ, FCI**
**Morgantown,**

      **Respondent.**

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* Petitioner Johnson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent's Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgement, and Petitioner's Response in Opposition to Respondent's Motion. ECF Nos. 1, 10, 10-1, 19.

## I. Procedural History

On October 15, 2019, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. On October 21, 2019, Petitioner paid the $5 filing fee. ECF No. 5. On May 6, 2019, the undersigned ordered Respondent to show cause as to why the writ should not be granted. ECF No. 8.

On June 3, 2020, Respondent answered with a Motion to Dismiss or, in the alternative, Motion for Summary Judgment with a Memorandum in Support and exhibits. ECF Nos. 10, 10-1 – 10-10. A Roseboro Notice was issued to the Petitioner by the undersigned on June 4, 2020, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975), instructing Petitioner of his right to file a response to Respondent's Motion and Memorandum. ECF No. 11. Petitioner filed a Response in Opposition on October 1, 2020. ECF No. 19.

## II. Facts

On October 16, 2005, Petitioner was one of 15 defendants named in a 45-count indictment in the Eastern District of Michigan.[1] Petitioner was named in Counts 1, 2, 29-30. On August 16, 2006, Petitioner signed a plea agreement by which he agreed to plead guilty to Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana; Count 2, Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine; and Count 29, Unlawful Use of a Communications Facility to Conspire to Possess with Intent to Distribute Controlled Substances. On December 12, 2006, Petitioner's sentencing hearing was conducted, and on December 14, 2006, Judgment was entered committing Petitioner to the custody of the United States Bureau of Prisons ("BOP") to be imprisoned for a total term of 36 months as to each count which were ordered to run concurrently. On April 13, 2009, Petitioner was released from custody and began serving a three-year term of supervised release.

On July 20, 2011, Petitioner was arrested on new criminal charges by the Drug Enforcement Administration ("DEA") for Conspiracy to Possess with Intent to Distribute Heroin and Cocaine and was released from custody pursuant to a recognizance bond the following day. ECF No. 10-3. On August 24, 2011, a Federal criminal complaint was filed in the U.S. District Court for the Eastern District of Michigan, which initiated Criminal Case No. 5:11-cr-20493-2, and Petitioner was again arrested by the DEA for the events which occurred on July 20, 2011. Petitioner was released from custody pursuant to a recognizance bond. Id.

---

[1] This initiated Criminal Case No. 2:05-CR-80810. The pending petition does not challenge either the conviction or sentence that was imposed in this matter. However, as noted in the factual recitation, Petitioner would eventually violate the terms of his supervised release in that case and would be sentenced to a term of 30 months for the new violation. The crimes which constituted a violation of his supervised release in the first case resulted in a separate criminal proceeding in Criminal Case No. 2:11-CR-20493. The issues raised in this petition involve the interplay of his 30-month sentence for violating his supervised release in the 2005 case and the sentence imposed in the 2011 case.

On October 3, 2011, Petitioner was arrested by the United States Marshals Service on a warrant for his violation of Supervised Release in the 2005 case. ECF No. 10-3 at 12. On April 17, 2012, Petitioner was sentenced to a 30-month term of imprisonment for his Supervised Release violation. ECF No. 10-3 at 15-17. On December 3, 2013, Petitioner was released from the Supervised Release Violation sentence [ECF No. 10-3 at 24] but remained in custody pending sentencing for the 2011 case. Id. at 10.

On December 19, 2013, Petitioner was released on bond in the 2011 case. ECF No. 10-3 at 10. On August 28, 2014, Petitioner was sentenced to a 120-month term of imprisonment to be followed by a five-year term of supervised release. Id. at 29-31. The sentencing court ordered Petitioner to surrender for service after January 1, 2015 at the institution designated by the BOP. The sentencing court was silent regarding how Petitioner's federal sentence was to run against any other sentence. On December 8, 2014, the sentencing court extended Petitioner's volunteer surrender date to February 10, 2015.

On September 4, 2015, BOP reviewed Petitioner for a *Nunc Pro Tunc* designation and found him to be ineligible because there was no sentence with which to concurrently run his federal sentence in the 2011 case. The BOP has computed Petitioner's sentence to commence February 10, 2015, the date he surrendered to his designated facility. He received credit for September 8, 2011, and for the time spent in custody from December 4, 2013, through December 19, 2013, because this time had not been applied towards any other sentence. Petitioner's projected release date is August 2, 2023, via Good Conduct Time ("GCT").

### III. The Pleadings

#### A. The Petition

Petitioner indicates that he is challenging his sentence. He maintains that at the sentencing hearing in the 2011 criminal case, his counsel moved the court to run the sentence for his violation of supervised release concurrent with the sentence it was imposing for the 2011 case. He further maintains that the government indicated that it did not believe the court had jurisdiction to apply the credit for time served. He notes that the judgment in the 2011 case is silent as to whether the sentence was to be served concurrently or consecutively to his sentence for his supervised release violation. Petitioner then alleges that the BOP unlawfully denied him credit for time served in a federal prison. More specifically, Petitioner alleges that because the sentencing court did not know it had the authority to order the sentence to run concurrent to the sentence for the supervised release violation, it made no ruling on the issue. The petitioner alleges the BOP then interpreted the Court's lack of ruling to mean that the sentence imposed must be served consecutively. For relief, Petitioner requests that this Court issue an order reducing the sentence he is currently serving by 595 days.[2]

#### B. Respondent's Motion and Memorandum

Respondent maintains that the BOP has appropriately calculated Petitioner's sentence, and he has received all prior credit that he is owed. More specifically, Respondent contends that Petitioner has been awarded prior custody credit for all time spent in official detention that was not credited towards his sentence for the supervised release violation. In addition, Respondent argues that to the extent Petitioner is requesting that the BOP retroactively apply the time he served in custody for the revocation of his supervised release to his 2011 sentence, the same is impossible

---

[2] This figure represents the elapsed days between April 17, 2012, when he was sentenced for his superised release violation and December 3, 2013, when he was released from that sentence via GCT.

because Petitioner had already fully satisfied his revocation sentence before he was sentenced in the 2011 case.

## C. Petitioner's Response

In his response, Petitioner maintains that the Respondent has misconstrued his petition and failed to address the central issue which is his contention that in his 2011 case, the sentencing judge imposed the sentence without addressing whether it was to be served concurrently or consecutively to sentence for the violation of supervised release. Petitioner then cites Sixth Circuit law for the proposition that although a district court is not required to state a specific reason for a consecutive sentence, it is obliged to make generally clear the rationale under which it has imposed the consecutive sentence. United States v. Cochrane, 702 F.3d 334 (6th Cir. 2012). Petitioner then notes that his request for relief is simple and is supported by case law in the Sixth Circuit where he was sentenced:

> Petitioner's sentencing judge imposed the sentence Petitioner is currently serving without specifically addressing whether it was to be served concurrently or consecutively to the violation of supervised release sentence. The sentencing transcript is void of any rationale supporting the imposition of a consecutive sentence. It is also clear from the transcript that the court desired to[] but did not understand it had the authority to order a concurrent sentence in the instant case.

ECF No. 19 at 5.

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations

5

are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.

Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer

more than "a sheer possibility that a defendant has acted unlawfully" to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B. **Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

V. **Analysis**

Given Petitioner's response to Respondent's Motion to Dismiss or for Summary Judgment, the undersigned finds it unnecessary to undertake the usual review of a sentence calculation. Moreover, Petitioner is not challenging the credits awarded against his 2011 sentence for time spent in official detention that was not credited against his sentence for the supervised release

violation. The sole question is whether the sentencing court in the 2011 case could order the 120-month sentence imposed to run concurrently to the sentence imposed for the supervised release violation. Unfortunately for Petitioner, the answer is no. Moreover, Petitioner has misconstrued the sentencing judge's comments at the 2011 sentencing hearing.

18 U.S.C. § 3584 provides in pertinent part as follows:

> (a) Imposition of concurrent or consecutive terms.—If multiple terms of imprisonment are imposed on a defendant **at the same time**, or if a term of imprisonment is imposed on a defendant, who is already subject to an **undischarged term of imprisonment**, the terms may run concurrently or consecutively.

18 U.S.C. § 3584(a) (emphasis added).

Here, it is clear that neither predicate for imposition of a concurrent sentence exists. First, the sentences in question were not imposed at the same time.[3] Petitioner was sentenced on April 17, 2012 for violation of supervised release, while his sentence for the 2011 case was not imposed until August 28, 2014. Second, Petitioner discharged his sentence for the supervised release violation on December 13, 2013 and was therefore not subject to an undischarged term of imprisonment when his sentence for the 2011 case was imposed. Therefore, the sentencing judge had no authority to make the 2011 sentence concurrent to the sentence for the supervised release violation. Given the facts of Petitioner's sentences, the 2011 sentence is simply a "free standing sentence" that has been calculated properly by the United States Attorney, acting through the BOP, and leaves Petitioner with a projected satisfaction date of August 2, 2013. ECF No. 10-3 at 22.

Although the sentencing judge could not have ordered the 2011 sentence to run concurrently to the already-discharged sentence for the supervised release violation, Petitioner

---

[3] It is for this exact reason that Petitioner's reliance on U.S. v. Cochrane is misplaced. In that case, defendant's firearm conviction constituted an automatic violation of the terms of his supervised release. The court then imposed sentences for each simultaneously. 702 F.3d at 2339-340.

argues that the judge expressed a desire to do so but believed he could not. The sentencing transcript demonstrates that Petitioner misunderstood what the sentencing judge indicated when he said: "whether I would like to shorten a sentence like this or not, I can't. Maybe [someday] somebody will fix that, but it's not going to be here today." ECF No. 1-9 at 14.

In the 2011 case, Petitioner entered into a plea agreement by which he agreed to plead guilty to Count Two of the Fourth Superseding Indictment which charged conspiracy to distribute heroin and cocaine. The maximum statutory penalty for that offense is life imprisonment while the **mandatory minimum** penalty is 10 years. The petitioner's guideline range was 108 to 135 months. Pursuant to the plea agreement, the parties agreed that the sentence of imprisonment should be 120 months, the mandatory minimum.

Petitioner's counsel did express a hope that the sentencing judge could give Petitioner "credit" for the nearly two years he served on the supervised release violation. However, counsel never requested a concurrent sentence. Rather, counsel's arguments on behalf of Petitioner are better characterized as a request for a Guidelines departure. However, the sentencing judge clearly understood that because of the mandatory minimum to which Petition was subjected, he could not depart from the Guidelines, and properly imposed the mandatory minimum of 120 months.

### IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 10]** be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

**Within fourteen days after service** of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the**

**Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 14, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE