IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**LEON ANTONIO JOHNSON, JR.,**

      Petitioner,

      v.                    **Civil Action No. 1:19-CV-191**
                                      Judge Kleeh

**WARDEN CHRIS GOMEZ,**
Morgantown, F.C.I.**,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Aloi [Doc. 20]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on January 14, 2021, wherein he recommends that Respondents Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 10] be granted and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

## BACKGROUND

Petitioner was one of fifteen defendants named in a 45-count indictment in the Eastern District of Michigan. Petitioner was named in Counts 1, 2, 29–30. Petitioner signed a plea agreement in which he agreed to plead guilty to Count 1, 2 and 29 of the indictment. Petitioner was sentenced to a term of 36 months as to each count which were

1

to run concurrently. Petitioner was released from custody on April 13, 2009, and began serving a three-year term of supervised release.

Petitioner was arrested on new criminal charges on July 20, 2011. He was released from custody pursuant to a recognizance bond the following day. A federal criminal complaint was filed on August 24, 2011, in the United States District Court for the Eastern District of Michigan. Petitioner was arrested again for the events which occurred on July 20, 2011, but was released from custody pursuant to a recognizance bond.

On October 3, 2011, petitioner was arrested for his violation of his Supervised Release in the 2005 case. Petitioner was sentenced to a 30-month term of imprisonment. On December 3, 2013, petitioner was released from the Supervised Release Violation sentence but remained in custody pending his sentencing for the 2011 case. Petitioner was released on bond in the 2011 case on December 19, 2013.

Petitioner was sentenced to a 120-month term to be followed by five years of supervised release on August 28, 2014. The sentencing court ordered petitioner to surrender after January 1, 2015, which was later extended to February 10, 2015.

The Bureau of Prisons ("BOP") reviewed petitioner for a *Nunc Pro Tunc* designation and found him to be ineligible because there was no sentence with which to concurrently run his federal sentence from the 2011 case. Petitioner's projected release date is August 2, 2023, via Good Conduct Time.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 22] on February 4, 2020. Respondent filed a Response to Petitioner's Objections to Report and Recommendation [Doc. 23] on February 17, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## DISCUSSION

**A.     Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petition asserts two grounds.  First, petitioner alleges that the "sentencing court did not believe it had the jurisdiction to affirmatively respond to Defendant counsel's motion to have time served for a supervised release violation run concurrent with the sentence that the court was imposing."  *See* [Doc. 1 at 5].  Petitioner notes that the judgment in the 2011 case is silent as to whether the sentence was to be served concurrently or consecutively to his sentence for his supervised release violation.  Second, petitioner alleges that the BOP unlawfully denied him the credit for time served in federal prison.  *See* [Id. at 6].  As relief, petitioner seeks entry of an Order reducing his current sentence by 595 days in light of the district court's error in not determining whether his current sentence was to be concurrent or consecutive to his previous sentence.

**B.     Objections to R&R**

In the R&R, Magistrate Judge Aloi, relying on 18 U.S.C. § 3584(a), found neither predicate for the imposition of a concurrent sentence exists.  *See* [Doc. 20 at 8].  First, the sentences were not imposed at the same time.  Second, petitioner discharged his supervised release violation sentence on December 13, 2013, and was not subject to an undischarged term of imprisonment when his sentence for the 2011 case was imposed.  *See* [Id.].  Thus, Magistrate Judge Aloi held that "the sentencing judge had no authority to make the 2011 sentence concurrent to the sentence for the supervised release violation."  *See* [Id.].

Petitioner filed his Motion Objecting to Report and Recommendation from Court's Denial to Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 22] on February 4, 2021.  Therein, petitioner asserts "that the sentencing court in the 2011 case could not order the 120-month sentence imposed to run concurrent to the sentence imposed for his supervised release violation is not a conclusive determination.'"  See [Doc. 22 at 1].  Petitioner further states that the United States Attorney, acting through the BOP, improperly calculated him receiving credit of a period of concurrent sentence or credit of 595 days toward his 2011 sentence and is "essentially a classic case of 'Fruit of the Poison Tree' implanted into the sentencing court. . . ."  See [Id. at 2].  Petitioner asserts that the court was misled into assuming it had no authority to order a period of concurrent sentence or credit for time served toward his 2011 sentence.  See [Id.].

**C.    Response to Objections**

Respondent asserts that petitioner's reliance on 18 U.S.C. § 3584(a) is misplaced.  Respondent states that a "plain reading of the statute demonstrates that the statute does not allow for the relief Petitioner seeks."  See [Doc. 23 at 2].  Respondent ultimately argues that "at the time of Petitioner's sentencing for the 2011 case, Petitioner had fully discharged his prior sentence for the supervised release violation.  Thus, the sentencing judge could not impose a concurrent sentence under 18 U.S.C. 3584(a) and the Bureau of Prisons can not award credit towards his 2011 case sentence for the same reason - Petitioner was no longer subject to an undischarged term of imprisonment."  See [Id. at 3].

This Court agrees with respondent.  The petitioner is not entitled to a *nunc pro tunc* designation for his sentences to run concurrently.  "Multiple terms of imprisonment imposed

5

at different times run consecutively unless the [federal] Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). However, a federal court does not have authority to designate the relationship of its sentence to another sentence which has not yet been imposed. See **Romandine v. United States**, 206 F.3d 731, 737–38 (7th Cir. 2000) (holding that federal court may not order its sentence to run concurrently with a non-existent sentence of some other court); **United States v. Quintero**, 157 F.3d 1038, 1039 (6th Cir.1998) (holding that federal court lacks authority to order a sentence to be served consecutively to a not-yet-imposed state sentence). Moreover, silence by the sentencing court regarding concurrency creates a presumption that the sentences will be served consecutively. See e.g. **United States v. Blue**, 874 F.Supp. 409, 413 (D.D.C.1995). In this case, the sentencing court did not have authority to order that the petitioner's sentence run concurrently with or consecutively. At the time petitioner was sentenced for the 2011 case, he had fully discharged his prior sentence for his Supervised Release Violation. Thus, the sentencing court could not impose a concurrent sentence under 18 U.S.C. § 3584(a) and the BOP could not award credit towards his 2011 case because petitioner was no longer subject to an undischarged term of imprisonment. This Court finds no error in the Magistrate Judge's findings and the objections are overruled.

## CONCLUSION

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and Respondents Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 10**] is **GRANTED** and

Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is **DENIED AND DISMISSED WITH PREJUDICE**.  Moreover, petitioner's Objections [**Doc. 22**] are hereby **OVERRULED**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 22, 2021.

_____
**THOMAS S. KLEEH**
**UNITED STATES DISTRICT JUDGE**